**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10310 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00029-RVM-1 |
| v. | |
| ROWENA AGNES URUMELOG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted October 9, 2013
Honolulu, Hawaii

Before: KOZINSKI, Chief Judge, and FISHER and WATFORD, Circuit Judges.

**1.** Sufficient evidence supports Urumelog's conviction for immigration

document fraud under 18 U.S.C. § 1546(a). A rational jury, "viewing the evidence

in the light most favorable to the prosecution," *Jackson v. Virginia*, 443 U.S. 307,

319 (1979), could have found that the signature attesting to the false statement was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Urumelog's by comparing it to her signature on other documents admitted into evidence. *See, e.g.*, *United States v. Alvarez-Farfan*, 338 F.3d 1043, 1045 (9th Cir. 2003). The jury could also have found that Urumelog knowingly subscribed to this false statement. Urumelog's visit to the adjudicator regarding the first I-130 suggests she knew that the first form had been filed when she signed the second.

**2.** The district court did not abuse its discretion in admitting "other acts" evidence. First, none of the evidence ran afoul of Federal Rule of Evidence 404(b), because each item helped explain Urumelog's knowledge of the immigration system or her motive for attesting to a false statement. Second, the prejudicial effect of the contested evidence did not substantially outweigh its probative value. *See* Fed. R. Evid. 403. In context, none of the evidence had "an undue tendency to suggest decision on an improper basis." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (citation omitted).

**3.** The district court correctly applied U.S.S.G. § 2L2.1 rather than § 2B1.1(a). The Sentencing Guidelines Statutory Index specifies § 2L2.1 as an offense guideline applicable to 18 U.S.C. § 1546, *see* U.S.S.G. App. A, and that guideline is "most appropriate" for the crime of which Urumelog was convicted. *See United States v. McEnry*, 659 F.3d 893, 898 (9th Cir. 2011) (citation omitted). The district court did not abuse its discretion in denying Urumelog a downward

2

adjustment pursuant to § 2L2.1(b)(1) for acting "other than for profit." The record supports the court's conclusion that Urumelog completed the second I-130 with the expectation she would receive some consideration in return, and that she in fact received compensation in the form of beer.

**AFFIRMED.**